MICHAEL FINCH AND MAXINE FINCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Finch v. Commissioner
Docket No. 30050-91
United States Tax Court
T.C. Memo 1993-476; 1993 Tax Ct. Memo LEXIS 489; 66 T.C.M. (CCH) 1030; October 18, 1993, Filed *489 Decision will be entered under Rule 155. In October 1989, P entered into an oral immunity agreement with the Government. P alleges that the agreement included immunity from civil tax liability, precluding assessment of the taxes in issue. Held: P did not establish that the oral agreement included immunity from civil tax liability. For petitioners: Robert J. Dunn [1] and Robert E. Reed. For respondent: Trevor T. Wetherington and Margaret Satko. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: Respondent determined deficiencies in and additions to the Federal income tax of Michael Finch (Finch) as follows: [2]
Additions to Tax
Year
Deficiency
Sec. 6651(f)
Sec. 6654
1989
$ 122,624
$ 91,968
$ 8,293
*490 In a separate notice of deficiency, respondent determined deficiencies in and an addition to the Federal income tax of Finch and Maxine Finch (collectively, petitioners) as follows: Addition to Tax
Year
Deficiency
Sec. 6663
1990
$ 39,533
$ 29,650 Petitioners timely petitioned this Court for redetermination of respondent's determinations in her notices of deficiency. The issues for decision are: (1) Whether the Federal Government, in giving Finch immunity from criminal prosecution in October 1989, granted petitioners immunity from civil tax liability; and (2) if the Government granted Finch immunity from civil tax liability in October 1989, whether petitioners are liable for 1989 and 1990 income taxes and additions to tax. [3] We hold that the Federal Government did not grant Finch immunity from civil tax liability, and petitioners are liable for tax deficiencies and additions to tax for 1989 and 1990. *491 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations and exhibits attached thereto are incorporated herein by this reference. At the time they filed their petition, petitioners resided in Harbor Beach, Michigan. In 1986, 1987, and 1988, Finch illegally sold marijuana in Sacramento, California. In late 1988 or early 1989, he ceased the illegal sale of marijuana and moved to Michigan. In approximately September 1989, Finch contacted Thomas Matioli of the Michigan State Police (Matioli) to initiate a cooperation agreement with the Federal Government. He asked Matioli for immunity from prosecution for his prior crimes; protection of his property, including the money he had received from marijuana trafficking; anonymity; and a written agreement. Matioli referred Finch to the Drug Enforcement Administration (DEA) in Sacramento, California. Finch called the Sacramento branch of the DEA in early October 1989. He spoke to Agent Burt Bruce, who encouraged him to meet with DEA agents in California. Finch met with DEA agents Pat Gregory and Richard Margarita (Agent Margarita) in Sacramento on approximately October 9, 1989. Finch gave Agent Margarita *492 specific information on a variety of individuals involved in marijuana trafficking and methamphetamine production, which, he told Agent Margarita, would lead to several arrests and the seizure of substantial sums of cash. In return, Finch requested the concessions he had mentioned to Matioli and "alleviation of tax liability -- any liabilities that [he] had prior to the date of the immunity agreement". Agent Margarita conveyed to Finch an oral grant of immunity authorized by Assistant U.S. Attorney Nancy Simpson (Simpson). The Government's grant of immunity consisted of immunity from criminal prosecution and protection from forfeiture of his assets. The only documentation of this grant is a memorandum to the United States attorney from Simpson dated October 10, 1989, requesting and receiving approval of informal "use [immunity] (direct and indirect)" for Finch. Agent Margarita did not convey to Finch any immunity from civil tax liability. Agent Margarita merely told Finch that he would put Finch in contact with somebody from the Internal Revenue Service (IRS) and tell the IRS whether Finch was cooperating with the authorities. Finch believed that Agent Margarita would have *493 someone from the IRS contact him to "iron out all the particulars." No one did so. Finch told Agent Margarita that he was willing to pay the IRS $ 20,000 towards the income tax he would owe when he received payment for drug sales he had made prior to the immunity agreement. Finch did not pay the IRS $ 20,000. After the Sacramento meeting, Agent Margarita acted on the information he received from Finch, which led to the arrest and conviction of several individuals and the seizure of over a million dollars. Finch knew that Agent Margarita had not yet spoken with the IRS at the time the DEA agents acted on the information Finch gave to them, but Finch had thought that Agent Margarita would talk to the IRS and satisfy Finch as to the details before the Government's agents acted on the information Finch had given them. Respondent computed petitioners' 1989 and 1990 income using the expenditures method. The parties agree that if the Government's grant of immunity to Finch does not encompass his civil tax liabilities, Finch is liable for: (1) $ 91,968 in income tax for the 1989 taxable year; (2) $ 68,976 as an addition to tax for fraudulent failure to file for such year; and (3) $ 6,293 *494 as an addition to tax for failure to make estimated tax payments for such year. The parties also agree that if the Government's grant of immunity to Finch does not encompass his civil tax liabilities, petitioners are liable for: (1) $ 39,533 in income tax for the 1990 taxable year; and (2) $ 7,907 as an addition to tax for "negligent and substantial under statement [sic]" of tax for the 1990 taxable year. OPINION Petitioners do not dispute that Finch is liable for 1989 Federal income taxes and additions to tax and petitioners are liable for 1990 Federal income taxes and additions to tax, absent a governmental grant to Finch of immunity from civil tax liability. However, petitioners assert that the immunity granted Finch precludes assessment of the amounts in issue. Petitioners have the burden of proof. Rule 142(a). [4] Thus, in order for petitioners to prevail, they must establish that Finch's immunity agreement included immunity from the assessment of the civil taxes in issue. *495 The Government entered into an oral contract with Finch conveyed by Agent Margarita. The terms of the contract provided that Finch would provide the DEA with information in exchange for which he would receive immunity from prosecution and protection from asset forfeiture. Agent Margarita merely told Finch that he would put Finch in touch with someone at the IRS and inform the IRS of the extent of Finch's cooperation; he never told Finch that the Government had agreed not to assess tax on Finch's drug transactions. Thus, immunity from civil tax liability was not part of the contract, and Finch cannot legitimately argue that the Government expressly granted him immunity from civil tax liability. Cf. (where U.S. attorney's agents had stated that they hoped the IRS would not pursue the taxpayer, but had made no promises, taxpayers did not have immunity from civil tax liability). Finch argues that when Agent Margarita acted on the information Finch provided him, the Government became bound by all the terms that Finch had proposed. In effect, petitioners argue that the terms of Finch's contract with the *496 Government were modified by the Government's subsequent conduct. We disagree; any such modification must contain all of the elements necessary for the formation of a contract, including consideration. , affd. en banc sub nom. . The Government's subsequent conduct does not create consideration for a modification of the Government's agreement with Finch. See id. Thus, the agreement was not modified to include immunity from civil tax liability. If petitioners are advancing an equitable rationale for their argument that the Government's subsequent conduct binds it to all terms requested by Finch but not agreed to by the Government, we find this argument equally unpersuasive.[5] Although Finch's voluntary cooperation with the Government is laudable, the Government is not estopped from refusing to adhere to terms that were not included in the contract. Cf. (Court disagreed that defendant's "good faith cooperation *497 with the agreement entitles him to equitable immunity for offenses committed in 1986 * * *. * * * The fact that the district court determined that he had performed his side of the bargain under that agreement does not entitle * * * [defendant] to benefits beyond those which were promised to him."); (petitioner erroneously reported less than all his drug smuggling income where "Petitioner admits that the alleged deal was never put in writing * * * that he never received any assurance of any kind in respect to civil tax immunity and that the existence of a deal was something he had inferred."). Accordingly, petitioners are limited to the terms of Finch's contract with the Government, which does not include immunity from civil tax liability. We have considered the parties' other arguments and find them to be without merit. Based on the foregoing, Decision will be entered *498 under Rule 155. Footnotes
1. Robert J. Dunn originally represented petitioners. Before trial, the Court permitted Mr. Dunn to withdraw from the case and allowed Robert E. Reed to enter an appearance for petitioners.↩
2. Michael Finch did not file a return for the 1989 taxable year. Respondent issued him a notice of deficiency for the 1989 taxable year in which she determined that his filing status was "married filing separate [return]". Petitioners' 1990 return is not in evidence, but we assume they filed a joint tax return. Respondent's notice of deficiency for the 1990 taxable year was issued to Michael Finch and Maxine Finch. Both notices of deficiency are dated October 1, 1991.↩
3. Petitioners did not explain how a grant of immunity to Finch would protect Maxine Finch from 1990 income taxes and additions to tax. Because of our disposition of the case, we need not reach this issue.↩
4. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
5. Petitioners did not brief this issue, despite the Court's request.↩